(83 South. 188)

No. 23214.

WALKER v. WALKER.

(Nov. 3, 1919.)

*(Syllabus by Editorial Staff.)*

DIVORCE ⟨⟩130—SEPARATION FROM BED AND BOARD; EVIDENCE; CRUELTY.

In suit by wife for separation from bed and board, evidence *held* not to show such cruel and inhuman treatment as would warrant a separation.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by Margie Brown Walker against Charles Robert Walker. Decree for defendant, and plaintiff appeals. Affirmed.

Woodville & Woodville, of New Orleans, for appellant.

William H. Byrnes, Jr., of New Orleans, for appellee.

PROVOSTY, J. Plaintiff sues her husband for separation from bed and board on the ground of cruelty and ill treatment, the acts of cruelty and ill treatment being specified in the petition to be that—

"Four years ago he sent her home from Panama to live with her mother and wrote her a letter to the effect that she could get a divorce;" That "in September, 1915, in the home of her mother, where she was then residing, he, in the presence of third persons, greatly mortified and humiliated her by telling her that she did not attend to her household duties, and that if she did not run around the streets and play cards so much she would be better able to keep house, all of which was unwarranted and untrue and was done purely to mortify and humiliate her, which he succeeded in doing; that on September 20, 1915, he deserted your petitioner and left the city and told your petitioner that he was not coming back and wrote her to send his effects, which she did, leaving her alone with her mother and children, without funds, and he wrote her that she could get a divorce on the ground of incompatibility, all of which caused her mental pain and suffering, mortifying and humiliating her."

When the learned counsel for plaintiff announced in the trial court that they closed the evidence for plaintiff, the counsel for defendant announced that he would offer none, as plaintiff had not made out a case; and the judge immediately, without the slightest hesitation, dismissed the suit.

The parties were married in April, 1909, and have three children. Plaintiff's coming to New Orleans from Panama was not because of any disagreement with defendant, but simply on a visit to her mother, and, as we gather, in view of an impending accouchement. Defendant's leaving the mother-in-law's house, and going to Memphis and securing employment there, was not, as we gather, from choice entirely. In her letter of December 15, 1915, plaintiff says to him:

"As for your coming here for Christmas, that is out of the question. Mama has said all along that whenever I wanted to go to you I could, but you could never come to her house again, and I believe that still holds good."

Far from wishing plaintiff to divorce him, defendant loves her and his children and longs to be with them. To a letter of date February, 1916, entreating her to come to him, and which is really touching in its appeal, she answered:

"It seems to me you are far enough in debt now without going any farther. If you were able to rent a house and take care of us, it would be a different thing. If I must be indebted to some one for a home I naturally prefer that it be Mama instead of the Bennetts. Then, I couldn't possibly pick up and leave Mama with Ma."

We gather that defendant's greatest crime has been his inability to earn enough money to enable plaintiff to live as she would like to. Apparently, he has been most generous since the separation in trying to provide for her and the children out of his slender earnings.

The evidence shows that he has made remarks to plaintiff, even, on one occasion, at

a bridge game with two neighbors, which were of a nature to humiliate her, and also that in their daily life he is not as guarded in his way of speaking to her, or as considerate of her feelings, as a husband may and ought to be; but his side of the story he has abstained from telling, perhaps wishing not to widen the breach; and there are generally two sides in such cases. Plaintiff's allegation of his having written her that she was at liberty to get a divorce should, to conform with the facts, have been that he wrote her that if she persisted in her desire to get a divorce she should put it on the ground of incompatibility.

The only serious feature in the case is the parties having been separated so long, but the separation has not lasted long enough yet to be a ground for a suit like the present.

Judgment affirmed.